**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4922**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

LUIS BERNAL AREYANES, a/k/a Luis Alberto Areyanes Bernal, a/k/a Luis Alberto Bernal Areyanes,

        Defendant - Appellant.

**No. 13-4939**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

CESAR BERNAL AREYANES,

        Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:13-cr-00149-D-2; 5:13-cr-00149-D-1)

Submitted: August 28, 2014    Decided: October 15, 2014

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

No. 13-4922 dismissed; No. 13-4939 affirmed by unpublished per curiam opinion.

———————————

Noah A. Clements, THE CLEMENTS FIRM, Washington, D.C.; Stephen C. Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellants.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Bernal Areyanes ("Luis") and Cesar Bernal Areyanes ("Cesar") pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012), and possession of a firearm during a drug trafficking crime and aiding and abetting such conduct, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(A)(i) (2012), and 18 U.S.C. § 2 (2012). Cesar also pleaded guilty to distribution of a quantity of cocaine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2012). We have consolidated their appeals and will dismiss Luis's appeal and affirm Cesar's appeal.

Luis pleaded guilty pursuant to a plea agreement in which he agreed to waive his right to appeal whatever sentence was imposed, including any issues relating to the establishment of the advisory Sentencing Guidelines. At the Rule 11 hearing, the district court reviewed the appeal waiver and Luis acknowledged that he understood it.

The Government seeks to enforce Luis's appeal waiver. A defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de

novo and will uphold the waiver if it is "valid and . . . the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appellate waiver is valid if "the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id. We consider all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013) (internal quotation marks omitted).

We have reviewed the record and considered Luis's arguments against enforcement of the waiver, and conclude that the appellate waiver was knowing, voluntary and therefore, enforceable. Because Luis's issues on appeal concern the establishment of the Guidelines range of imprisonment, we also

4

conclude that they are within the scope of the appeal waiver. Accordingly, we dismiss Luis's appeal.[*]

Cesar claims that the district court erred by converting currency seized at his apartment into a cocaine equivalency. Because Cesar did not object to any aspect of the sentencing calculus, our review is limited to plain error. See United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012), cert. denied, 133 S. Ct. 1838 (2013). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).

We have held that courts may convert money considered to be drug trafficking proceeds into an equivalent drug quantity for sentencing purposes. See United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004); United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991). In this case, the presentence report held Cesar accountable for 100.471 grams of cocaine. That amount was arrived at, in part, by converting the $2,530 police found at his apartment into 59.77 grams of cocaine, "[b]ased upon a price

---

[*] Luis has filed a motion for leave to file a pro se supplemental brief. Because Luis is represented by counsel and this appeal is not submitted pursuant to Anders v. California, 386 U.S. 738 (1967), the motion is denied. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

5

of $1,200 per 28.35 grams of cocaine." J.A. at 216. Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(A), the sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Because Cesar did not object to the presentence report's implicit finding that the $2,530 in cash was derived from drug sales, or its express finding as to money's cocaine equivalency, the district court was not required to resolve any factual disputes, but instead was free to rely on the information contained in the presentence report. See United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999)(stating that "[i]f the district court relies on information in the presentence report (PSR) in making findings, the defendant bears the burden of establishing that the information relied on by the district court in making its findings is incorrect"). We therefore find no error, plain or otherwise, on this record.

Cesar further contends that we should remand his sentence to the district court for resentencing in light of proposed amendments to the Guidelines that may be beneficial to him. The Government opposes such a remand. There is no authority for Cesar's suggestion and we decline to accept his invitation. Accordingly, we affirm his sentence.

We dismiss Luis's appeal, deny his motion for leave to file a pro se supplemental brief and affirm Cesar's sentence.

6

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 13-4922 <u>DISMISSED</u>
No. 13-4939 <u>AFFIRMED</u>